**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jamaal Gittens, Appellant,

v.

John R. Rakowsky, Respondent.

Appellate Case No. 2016-001627

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-369
Submitted October 1, 2019 – Filed November 27, 2019

**AFFIRMED**

Jamaal Gittens, of Charlotte, North Carolina, pro se.

Alfred Johnston Cox and Jessica Ann Waller, both of Gallivan, White & Boyd, PA; and Alonzo Jonathon Holloway, of Richardson Patrick Westbrook & Brickman, LLC, all of Columbia, for Respondent.

**PER CURIAM:** Jamaal Gittens, pro se, appeals the circuit court's order granting Judge John Rakowsky's motion to dismiss. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 4(d)(1), SCRCP ("The summons and complaint must be served together. The plaintiff shall furnish the person making

service with such copies as are necessary. . . . Service shall be made . . . [u]pon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process."); Rule 4(d)(8), SCRCP ("Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee.[1] Service is effective upon the date of delivery as shown on the return receipt.").[2]

**AFFIRMED.**[3]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] In the instant matter, Gittens sent the summons and complaint by certified mail; however, delivery was not restricted and someone other than the addressee signed for receipt of the delivery of the summons and complaint. Therefore, service was not proper under Rule 4(d)(8).

[2] We further find the circuit court did not err in finding as an alternate sustaining ground that Judge Rakowsky was entitled to judicial immunity. *See O'Laughlin v. Windham*, 330 S.C. 379, 382, 498 S.E.2d 689, 691 (Ct. App. 1998) ("Judicial immunity affords absolute immunity from suit."). As a municipal judge, Judge Rakowsky had subject matter jurisdiction to hear Gittens's case. *See* S.C. Code Ann. § 56-5-6150 (2018) ("All municipal courts of the State may try and determine criminal cases involving violations of this chapter occurring within the respective limits of such municipalities when the penalty prescribed by this chapter for such violations does not exceed thirty days' imprisonment nor one hundred dollars' fine and may have trial jurisdiction over such criminal cases the same as magistrates."); S.C. Code Ann. § 14-25-5(c) (2017) ("Any municipality may prosecute any of its cases in any magistrate court in the county in which such municipality is situate upon approval by the governing body of the county."); S.C. Code Ann. § 56-7-10 (2018) ("The service of the uniform traffic ticket shall vest all traffic, recorders', and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.